IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | |
|---|---|
| JULES L. WILLIAMS, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )     CIVIL ACTION NO. 5:09-0175 |
| | ) |
| D. BERKEBILE, Warden, | ) |
| | ) |
|     Respondent. | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

On February 25, 2009, Petitioner, acting *pro se*,[1] filed an Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody and an Application to Proceed *in Forma Pauperis*.[2] (Document Nos. 1 and 3.) Petitioner complains that his due process rights were violated during disciplinary proceedings causing a loss of good time credit.[3] (Document No. 3.) Specifically, Petitioner states as follows:

(1)     Procedural due process violation: Plaintiff asserts that the Bureau of Prisons denied him the right to have his DHO hearing where the incident occurred.

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] The undersigned notes that Petitioner has another Section 2241 action pending before this Court: *Williams v. Berkebile*, Civil Action No. 5:09-0488.

[3] In *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Supreme Court stated what procedure is required at a minimum. Specifically, an inmate subject to administrative disciplinary sanctions impacting the duration of his sentence is entitled (1) to receive advance notice of charges no less than 24 hours before the disciplinary hearing, (2) to present evidence and witnesses in his defense as long as it does not jeopardize institutional safety or correctional goals, and (3) to receive a written statement of the evidence relied upon and the reasons for the disciplinary action. *Id.*, 418 U.S. at 563 - 569, 94 S.Ct. at 2978 - 2981. Thus, Petitioner has no constitutional right to have the disciplinary hearing held at the prison where the incident occurred.

>        Prison officials transferred the petitioner prior to the required DHO hearing to another institution without any written notice, thereby denying plaintiff a right to a fair hearing.[4]
>
> (2)    Procedural due process violation: Prison officials failed to render a final decision on step three grievance procedure in a timely manner. General Counsel received said grievance on November 17, 2008, and was to provide response on January 16, 2009, but did not respond until January 30, 2009. Thereby, violating petitioner's right to fair appeal.[5]

(Id., p. 6.) Petitioner requests that "the return of 27 days loss of good time." (Id., p. 8.)

## ANALYSIS

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319,

---

[4] BOP regulations are clearly written in view of the constitutionally required minimum, but the failure of prison officials to follow their own internal policies, procedures or regulations alone is insufficient to make out a due process violation when a protected liberty interest is evident as long as the constitutionally required minimum is met. *See Myers v. Klevenhager*, 97 F.3d 91, 94 (5th Cir 1996); *Giovanni v. Lynn*, 48 F.3d 908, 913 (5th Cir. 1995), *cert. denied*, 516 U.S. 860, 116 S.Ct. 167, 133 L.Ed.2d 109 (1995). The undersigned notes additionally that the Supreme Court has indicated that prison regulations are not designed to confer rights on or benefits to inmates. Rather, they are primarily designed to guide correctional officials in the administration of prisons. *Sandin v. Conner*, 515 U.S. 472, 481- 482, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

[5] Petitioner contends his due process rights were violated because the response to his administrative remedy was untimely. Title 28 C.F.R. § 542.18 provides that "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." Furthermore, inmates have no constitutional right to participate in an administrative remedies process. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.), *cert. denied*, 514 U.S. 1022, 115 S.Ct. 1371, 131 L.Ed.2d 227 (1994); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991). "[T]he federal regulations providing for an administrative remedy procedure do not in and of themselves create a liberty interest in access to that procedure. When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance." *Flick*, 932 F.2d at 729.

322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief.[6] Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his release from custody and the absence of collateral consequences, and therefore, his Section 2241 Application must be dismissed. See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED**

---

[6] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on May 5, 2010.

that the District Court **DENY** Petitioner's Application to Proceed *in Forma Pauperis* (Document No. 1.), **DISMISS** Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 3.) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to counsel of record and to Petitioner, who is acting *pro se*.

Date: September 20, 2011.

R. Clarke VanDervort
United States Magistrate Judge